Leo L. Pisarek and June Pisarek v. Commissioner.
Pisarek v. Commissioner
Docket No. 5202-63.
United States Tax Court
T.C. Memo 1965-106; 1965 Tax Ct. Memo LEXIS 225; 24 T.C.M. (CCH) 569; T.C.M. (RIA) 65106; April 20, 1965
Leo L. Pisarek, pro se, 10513 Ewell Dr., St. Louis, Mo. James F. Kennedy, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax as follows: Year
Income Tax
1960
$134.20
1961
133.98
Petitioners have failed to contest small decreases in the amounts allowable as deductions for state sales taxes in each year and the sole remaining issue for each year is whether or not petitioners are entitled to the claimed dependency exemption of $600 for the daughter of Leo L. Pisarek. Findings of Fact Some of the *226 facts have been stipulated and are so found. Petitioners, Leo L. Pisarek (hereinafter called Leo) and June Pisarek, husband and wife, filed their joint Federal income tax returns for the years 1960 and 1961 with the district director of internal revenue, St. Louis, Missouri. In 1950 Leo and Julia (Pisarek) Day (hereinafter called Julia) were divorced and the custody of their child, Joann, was awarded to Julia. Joann continued to reside with Julia during the years in issue and under a modification of the divorce decree Leo was bound to make child support payments of $10 per week for her during 1960 and 1961. During such years Joann was 12 and 13 years old, respectively, and had no taxable income. During 1960 and 1961 Julia was employed as a registered practical nurse and her earnings were quite modest. The record is silent as to whether Julia had any savings or capital which she expended in supporting herself and Joann during such years. During 1960 and until November 20, 1961, Julia and Joann lived alone. On the latter date Julia married Francis B. Day and for the remainder of the year 1961 the household consisted of three persons. During 1960 the ordinary household expenses *227 of Julia and Joann, including rent, food, utilities, and hospital insurance, totaled $2,072.11, 50 percent of which in the amount of $1,036.05 is properly allocable to the support of Joann. In addition Julia furnished Joann with spending money, car fare, clothing, school supplies, school tuition, and church donations and Julia's family furnished her with gifts all in the total amount of $503.65 so that the total cost of Joann's support in 1960 was at least $1,539.70. From January 1 to November 20, 1961, rent, food, utilities and hospital insurance for Julia and Joann totaled $2,192.38 and the 50 percent properly allocable to Joann's support totaled $1,096.19. One-third of such classes of expenses in the amount of $76.63 were properly allocable to Joann's support for the balance of the year 1961. In addition Julia furnished Joann with spending money, car fare, clothing, school supplies and tuition, and church donations in the total amount of $563.42 so that the total cost of Joann's support in 1961 was at least $1,736.24. Opinion Under sections 151 and 152 of the Internal Revenue Code of 1954[1] petitioners must prove that the amounts they contributed toward *228 Joann's support in 1960 and 1961 were in excess of one-half of her total support for each year. Petitioners attack the amounts claimed to have been spent for Joann's support by Julia as being unreasonably large in view of Julia's modest earnings but they have failed to establish that Julia did not have available and use savings or capital during such *229 years. Also, they seemed to overlook the fact that Julia did have available and did use the amounts of money furnished by Leo during such years. Although Julia's record-keeping methods left something to be desired we believe that her testimony was reliable and the major items of expense were supported by records. We have concluded from the entire record that the total amounts expended for Joann's support during 1960 and 1961 were at least $1,539.70 and $1,736.24, respectively, and one-half of these amounts is $769.85 and $868.12, respectively. At the trial and on brief petitioners assert that they furnished support for Joann during the years in issue in the respective amounts of $617.76 and $645.92. It is doubtful whether the record would support findings of amounts so large for such years but since the amounts asserted are less than one-half of the respective amounts found to have been expended for Joann's support the question is moot and Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *
(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * *
(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, * * * SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *↩